**Electronically Filed
Intermediate Court of Appeals
30446
10-DEC-2012
10:03 AM**

NO. 30446

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MANUEL J. MENENDEZ, JR., Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DTC-09-069033)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Manuel Jose Menendez Jr. (Menendez) appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment) in Case No. 1DTC-09-069033, filed April 8, 2010, in the District Court of the First Circuit, Wahiawā Division (district court).[1] Menendez was orally charged with, *inter alia*, Excessive Speeding in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) and/or (a)(2) (Supp. 2011). After a bench trial, Menendez was convicted as charged of Excessive Speeding.

On appeal, Menendez contends that the district court erred by: (1) denying Menendez's motion to dismiss the Excessive Speeding charge for failure to include the *mens rea*; (2) admitting laser speed reading evidence without a proper

---

[1] The Honorable Clarence Pacarro presided.

foundation because the testimony was barred by the best evidence rule; (3) admitting testimony as to the speed limit on the H2 freeway in violation of the best evidence rule; and (4) admitting evidence of the speed limit at the citation location given the evidence in the case.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Menendez's appeal as follows.

On the day of trial, after the oral charges were presented, Menendez objected to the Excessive Speeding charge on the basis that it failed to allege a *mens rea*. The district court denied the objection and after a bench trial Menendez was convicted of Excessive Speeding.

On appeal, Menendez contends that *mens rea* is an element of the offense of Excessive Speeding and pursuant to State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), Plaintiff-Appellee State of Hawai'i (State) was required to include the *mens rea* in the charge.

In State v. Gonzalez, No. SCAP-11-0000500, 2012 WL 5970946 (Haw. Nov. 28, 2012), the Hawai'i Supreme Court recently held that the offense of Excessive Speeding in violation of HRS § 291C-105(a) "is not a strict liability offense and requires proof that the defendant acted intentionally, knowingly, or recklessly. Thus, the requisite states of mind must be alleged in a charge of this offense." Id. at 1, 2; see also State v. Nesmith, 127 Hawai'i 48, 56, 276 P.3d 617, 625 (2012) (holding that the failure to allege a *mens rea* in charging the offense of operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-61(a)(1) rendered the charge insufficient because the charge failed "to alert the defendants of precisely what they needed to defend against to avoid a conviction."). The

_Gonzalez_ court further held that HRS § 702-204[2] applies to HRS § 291C-105(a). _See id._ at 26.

Accordingly, in light of _Gonzalez_, the district court erred in denying Menendez's objection to the Excessive Speeding charge. Because the Excessive Speeding charge under HRS § 291C-105(a), as alleged against Menendez in this case, failed to allege the requisite state of mind, the April 8, 2010 Judgment must be vacated and the case remanded to the district court for dismissal without prejudice. _See_ _Gonzalez_, at 2. We need not reach the remaining points of error advanced by Menendez.

Therefore,

IT IS HEREBY ORDERED THAT the April 8, 2010 Judgment entered by the district court is vacated and the case is remanded to the district court to dismiss the Excessive Speeding charge without prejudice.

DATED: Honolulu, Hawai'i, December 10, 2012.

On the briefs:

Earle A. Partington
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[2]  HRS § 702-204 (1993 Repl.) states that "[w]hen the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."